Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Kenneth Soloff, Appellant.

Argued February 5, 1976, before Judges CRUMLISH, JR., WILKINSON, JR., and MENCER, sitting as a panel of three.

*Malcolm B. Jacobson*, with him *Jacobson & Stern*, for appellant.

*Daniel R. Schuckers*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., March 17, 1976:

This unemployment compensation appeal has a unique issue for our resolution. Is a remand necessary where an employer placed into evidence a letter which allegedly differed materially from that which the employee said he had received and which was submitted after the close of the referee's hearing without the scrutiny of the employee or his attorney?

Kenneth Soloff (Appellant) was denied benefits pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), for reasons of wilful misconduct connected with his work, and he concedes that if the Unemployment Compensation Board of Review's (Board) findings of fact are supported

by substantial evidence, a denial of benefits would be proper. Those findings state:

"1. The claimant was last employed by Crothall Company Ltd., which is a hospital housekeeping organization, as a manager-trainee at the rate of $230.00 a week. However, in this employment the claimant had total wages in the amount of $414.00.

"2. Claimant started in this employment on December 30, 1974, and his last day of work was January 3, 1975. However, the employer paid the claimant for five additional days.

"3. The contract of hire included four weeks of extensive practical and academic applications in hospital housekeeping; it also included extended hours, split shifts, and weekend duty; the claimant's hours of work were from 7:30 A.M. to 7:30 P.M.

"4. The claimant began work at 7:30 A.M. on Friday, January 3, 1975; at approximately 6:00 P.M. the claimant's supervisor asked the claimant to work beyond 7:00 P.M.

"5. The claimant refused to work beyond 7:00 P.M. on January 3 because he had to take his wife to the doctor; the employer was informed of this.

"6. The claimant was also asked to work on Saturday, January 4, 1975; he refused to do so because he had a prior commitment to report to his former employer.

"7. At 7:30 P.M. on January 3, 1975, the employer called the claimant and discharged him because of his failure to work Friday night and Saturday."

Appellant takes exception to Finding of Fact No. 3 arguing that his contract for hire did not, in fact, contain provisions providing for *extended hours, split shifts, and weekend duty*. The basis for this finding of fact was a letter which was submitted after the conclusion of the referee's hearing, and which therefore, was neither examined nor objected to by Appellant. In addition, Ap-

pellant suggests that this letter may have been altered so as to deceive the referee.

The Board rejects Appellant's argument that the introduction of this letter into evidence was so prejudicial as to reverse its order of benefits, but it does now concede that a remand would be helpful in determining the precise nature of the terms of employment, for if the terms *extended hours, split shifts, and weekend duty* were not part of the employment, Appellant could not have engaged in wilful misconduct by refusing to work at any of those specified times. Where both the Board and Appellant agree that a remand is necessary, we will enter the following

ORDER

AND NOW, this 17th day of March, 1976, the order of the Unemployment Compensation Board of Review is hereby vacated and the record is remanded for the purpose of determining the conditions of employment of Kenneth Soloff and the propriety of accepting the letter offered into evidence by Crothall Company Ltd. after conclusion of the referee's hearing.